**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-CV-24600-RAR**

**JHONY WILFREDO MARTINEZ CHAVEZ**,

      Petitioner,

v.

**SECRETARY**, **U.S. DEPARTMENT OF**
**HOMELAND SECURITY**, *et al*.,

      Respondents.
_____/

**ORDER TRANSFERRING CASE AND DENYING EMERGENCY**
**MOTION FOR TEMPORARY RESTRAINING ORDER**

**THIS CAUSE** comes before the Court on Petitioner's Notice of Change in Custodial Location ("Notice"), [ECF No. 5], filed on July 8, 2026; Petitioner's Notice of Second Post-Filing Change in Custodial Location and Material Change in Circumstances ("Second Notice"), [ECF No. 10], filed on July 21, 2026; and Petitioner's Emergency Motion for Temporary Restraining Order, Preliminary Injunction, and Other Narrowly Tailored Relief to Preserve the Status Quo and the Court's Ability to Effectuate Habeas Relief ("Emergency Motion"), [ECF No. 13], filed on July 21, 2026. After careful review, the Court finds that this case must be **TRANSFERRED** to the United States District Court for the Northern District of Texas and the Emergency Motion must be **DENIED**.

**BACKGROUND**

On July 4, 2026, Petitioner filed his Petition for Writ of Habeas Corpus, [ECF No. 1], challenging the lawfulness of his detention in the custody of Immigration and Customs Enforcement ("ICE"). *See generally* Pet. When the Petition was filed, Petitioner was incarcerated

at Krome North Services Processing Center in Miami, Florida.  [ECF No. 1] at 7.  However, Petitioner subsequently indicated in the Notice that he was transferred to Diamondback Correctional Facility, 1000 East Diamondback Road, Watonga, Oklahoma 73772.  [ECF No. 5] at 1.  Accordingly, on July 9, 2026, the Court entered an Order to Show Cause, [ECF No. 6], directing the parties to show cause on or before July 16, 2026 as to whether an appropriate respondent resides in this District given Petitioner's transfer, and whether transfer of this case to the Western District of Oklahoma would be appropriate.  *Id*. at 2–3.  In their Response to the Order to Show Cause, Respondents submitted that transfer of this action is appropriate.  [ECF No. 9].  In contrast, Petitioner responded that he opposes the transfer of this action.  [ECF No. 8].

On July 21, 2026, Petitioner filed the Second Notice, informing the Court that he was transferred from Diamondback Correctional Facility to Prairieland Detention Center, 1209 Sunflower Lane, Alvarado, Texas 76009.  The Court then ordered the parties to file follow-up responses, indicating whether they maintain the same positions set forth in their Responses, [ECF Nos. 8 and 9], to the Court's July 9, 2026 Order to Show Cause, [ECF No. 6], regarding whether the transfer of this case is appropriate.  Respondents confirmed that their position had not changed, *see* [ECF No. 12], and Petitioner continues to oppose transfer as indicated by his filing of the Emergency Motion, *see generally* [ECF No. 13].

## ANALYSIS

Under the plain language of 28 U.S.C. § 2241, "jurisdiction lies in only one district: the district of confinement."  *Rumsfeld v. Padilla,* 542 U.S. 426, 443 (2004).  Accordingly, "[s]ection 2241 petitions may be brought only in the district court for the district in which the inmate is incarcerated."  *Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991); *see also United States v. Ellis*, 814 F. App'x 474, 476 (11th Cir. 2020) ("Section 2241 petitions must be brought

in the district court of the district where the prisoner is incarcerated, and any other district court lacks jurisdiction over the petition."); *United States v. Lassiter*, 812 F. App'x 896, 900 (11th Cir. 2020) (recognizing that, "[u]nder the plain language of [section] 2241, 'jurisdiction lies in only one district: the district of confinement'" (quoting *Rumsfeld*, 542 U.S. at 443)).

Petitioner is presently confined at the Prairieland Detention Center—an immigration detention facility at 1209 Sunflower Lane, Alvarado, Texas 76009. *See* [ECF No. 10].  Alvarado, Texas is served by Johnson County, which lies in the Northern District of Texas.  *See* 28 U.S.C. § 124(a)(1).  Because Petitioner is confined there, "[a]ny other district court lacks jurisdiction" over the Petition.  *United States v. Brown*, 748 F. App'x 286, 287 (11th Cir. 2019) (citing *Fernandez*, 941 F.2d at 1495).  This case is therefore due to be transferred to Petitioner's district of confinement.  *See* 28 U.S.C. § 1631 ("Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought.").

In the Emergency Motion, Petitioner seeks to enjoin Respondents from transferring Petitioner from "Prairieland Detention Center to any other facility or judicial district while the jurisdictional, proper-respondent, and custodial-authority issues presently before the Court remain pending."  [ECF No. 13] at 13.  But the Emergency Motion warrants denial given that the Court has determined that transfer of this case is appropriate.  Moreover, federal law provides "no court shall have jurisdiction to review . . . any [ ] decision or action of the Attorney General . . . the authority for which is specified under this subchapter to be in the discretion of the Attorney General[.]"  8 U.S.C. § 1252(a)(2)(B)(ii).  Section 1231(g)(1), which appears within the same

subchapter, provides that "[t]he Attorney General shall arrange for appropriate places of detention for aliens detained pending removal or a decision on removal."  8 U.S.C. § 1231(g)(1).

As other courts in this District and across the country have observed, § 1252(a)(2)(B) and § 1231(g)(1) "strip the Court of jurisdiction 'to enjoin the government from transferring immigration detainees to other districts, as those decisions fall within the discretion of the Attorney General.'" *Abuel-Hawa v. Mullin*, No. 26-22668, 2026 WL 1670672, at *1 (S.D. Fla. May 4, 2026) (quoting *Boulos v. Dir., U.S. DHS ICE ERO Miami Field Off.*, No. 25-23792, 2025 WL 4092609, at *2 (S.D. Fla. Dec. 11, 2025)); *Guerra-Castro v. Parra*, No. 25-22487, 2025 WL 1984300, at *2 (S.D. Fla. July 17, 2025); *see also Van Dinh v. Reno*, 197 F.3d 427, 433 (10th Cir. 1999) ("It is therefore apparent that a district court has no jurisdiction to restrain the Attorney General's power to transfer aliens to appropriate facilities by granting injunctive relief."); *Calla-Collado v. Att'y Gen. of U.S.*, 663 F.3d 680, 685 (3d Cir. 2011) ("An alien is guaranteed the right to counsel and the right to present witnesses and evidence at his deportation proceedings.  An alien, however, does not have the right to be detained where he believes his ability to obtain representation and present evidence would be most effective." (citation omitted)).  Accordingly, the Court lacks jurisdiction to grant Petitioner's request to enjoin Respondents from transferring him to another facility.

## CONCLUSION

Based upon the foregoing, it is hereby **ORDERED AND ADJUDGED** that the Clerk of Court is directed to **TRANSFER** this case to the United States District Court for the Northern District of Texas, Dallas Division.  *See* 28 U.S.C. § 124(a)(1).  Further, Petitioner's Emergency Motion for Temporary Restraining Order, Preliminary Injunction, and Other Narrowly Tailored Relief to Preserve the Status Quo and the Court's Ability to Effectuate Habeas Relief, [ECF No.

13], is **DENIED**.   Any other pending motions are **DENIED as moot**.   Upon transfer to the Northern District of Texas, the Clerk shall **CLOSE** the case.

**DONE AND ORDERED** in Miami, Florida, this 21st day of July, 2026.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**